## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNDERFOG TRUCKING, LL.C, and ) | |
| REGGIE ANDERS ) | |
| Plaintiffs, ) | |
| -Versus- ) | |
| ) | Case No. 1:16-cv-5654 |
| VERIZON COMMUNICATIONS INC., ) | |
| CELLCO PARTNERSHIP d/b/a ) | |
| VERIZON WIRELESS, ) | |
| REVEREND AL SHARPTON, ) | |
| NATIONAL ACTION NETWORK, ) | |
| DOES 1 THROUGH 9, ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Underdog Trucking, LLC and Reggie Anders, against Defendants, VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP, LL.C d/b/a VERJZON WIRELESS ("Cellco"), the REVEREND AL SHAPTON, NATIONAL ACTION NETWORK, Defendants Does 1 through Does 9, and their insurers (collectively Defendants) respectfully avers as follows:

# JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1332, a case in which plaintiffs, citizens of the state of Arizona Defendants, citizen of various other states and the amount in damages is more than $75,000 is a diversity of citizenship case, and pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction) for pendent state law claims.

2. Jurisdiction is proper in this case because this is a case of breach of contract and also conduct by defendant's which resulted in extreme emotional distress to the plaintiff.

3. Venue is proper in this Court as the contract which is the cause of this litigation, was entered into in the State of New York, the defendants conduct business in the State of New York and the second and third defendants are citizens of the state of New York.

# PARTIES

4. Plaintiffs herein (hereinafter also collectively referred to as "Plaintiffs") are:

   A. UNDERDOG TRUCKING, LLC (hereinafter also referred to "Underdog Trucking" or "Underdog Trucking" or "UT"), a Limited Liability Company organized under the laws of the State of Louisiana, licensed to do business and doing business in the State of Louisiana, and having in principal place of business in Gilbert, State of Arizona.

   B. REGGIE ANDERS (hereinafter also referred to "Anders"), a natural person of the full age of majority, and having his principal place of residence in Gilbert, State of Arizona and the owner of Underdog Trucking.

5. Defendants herein (hereinafter also collectively referred to as "Defendants") are the following:

A. VERIZON COMMUNICATIONS, Inc. is a Delaware corporation with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.

B. CELLCO, on information and belief, a corporation incorporated under the laws of the State of Delaware, licensed to do business and doing business in the Southern District of New York whose headquarters are in Baskin Ridge, New Jersey. Verizon Wireless is a joint venture between Verizon Communications Inc (hereinafter "Verizon"), which owns 55% interest and Vodafone Group Pie, which owns a 45% interest. The partnership interest of Verizon as described above is held of record on behalf of Verizon Communications Inc. by certain subsidiaries of Verizon Communications Inc. Consisting of Bell Atlantic Cellular Holdings, L.P., NYNEX PCS Inc., PCS CO Partnership, GTE Wireless Incorporated and GTE Wireless of Ohio Incorporated.

C. REVEREND AL SHARPTON is an individual residing in New York, New York. Reverend Sharpton is the founder and President of Defendant National Action Network, Inc.

D. NATIONAL ACTION NETWORK INC., is a New York not-for-profit corporation, with its principal place of business in Harlem, New York. National Action Network also has a regional chapter that has an office, is registered to do business and operates in Maricopa County, Arizona.

E. DOES 1 THROUGH 9. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as Does 1 through 19 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this complaint to show their true names and capacities when the same have been ascertained.

9. The Plaintiff, doing business as Underdog Trucking Inc., had a long standing dispute with CELLCO PARTNERSHIP, DBA VERIZON WIRELESS spanning several years from 2006 to 2012 which included a lawsuit that was eventually dismissed.

10. The Plaintiff contacted the National Action Network and its President Rev. Al Sharpton to help mediate between CELLCO PARTNERSHIP, DBA VERIZON WIRELESS and the Plaintiff to resolve a discrimination claim.

11. Defendant Al Sharpton demanded a payment of $16000 in return for contacting the management of Verizon wireless and setting up mediation meetings and other arrangements with plaintiff.

12. Defendant Al Sharpton, on behalf of the National Action Network, agreed to put the matter to the media to highlight the discrimination in an effort to pressure CELLCO PARTNERSHIP, DBA VERIZON WIRELESS to settle the claim but he never did any of these.

13. Defendant Al Sharpton never took any steps to either mediate, set up a meeting with the senior management of CELLCO PARTNERSHIP, DBA VERIZON WIRELESS, or highlight the claim on his weekly TV broadcast as he had promised.

14. When nothing happened in 2014 and 2015, I asked Defendant Al Sharpton to return the money but he since refused and put in layers of people between him and plaintiffs to avoid any contact with plaintiffs.

15. By reason of the facts and circumstances stated above, defendant has breached the contract.

16. Pursuant to the agreement, Plaintiff made multiple trips to New York City for meetings and where he suffered high expenses and lost much time at the direction of the defendants.

16. Plaintiff believes that defendants entered into an improper conspiracy to give plaintiffs the impression that progress was being made on his underlying out of court negotiation following failure of the claim in court.

17. Other than losing his money and time, Plaintiff was subjected to extreme emotional distress by the defendants by the fact that Plaintiff was given false hopes all along and continued to lose money.

18. Plaintiff was led to believe that a settlement was forthcoming and completely believed the defendants and therefore was subjected to financial ruin.

19. Plaintiff's claim is for $1,750,000 in damages for breach of contract and extreme emotional distress.

20. The Second and Third Defendants breach of contract is a proximate cause of the damages incurred by UT and Anders.

21. As a result of the breach of its contract, defendants are jointly and severally indebted unto Plaintiffs for $1, 750, 000, an amount sufficient to compensate UT, as well as Anders, for all damages incurred as a result of defendant's breach of contract, and for extreme emotional distress, damages that will be established at trial of this matter.

22. As a result of defendant's breach of its contract, defendants are jointly and severally indebted unto Plaintiffs for an unspecified amount which has not yet been ascertained, an amount sufficient to compensate UT and Anders for all consequential damages they incurred as a result of defendant's breach of contract, including, but not limited to, loss of business opportunity as well as any other consequential damages as may be established at trial of this matter.

23. As a result of a conspiracy between the defendants, Plaintiff was subjected to extreme emotional distress and defendants are jointly and severally indebted to Plaintiffs for damages as well as any other consequential damages as may be established at trial of this matter.

Respectfully submitted this 7th of July, 2016

_____
Japheth N. Matemu
Attorney for the Plaintiff
5640 Six Forks Road, Suite 201
Raleigh, NC 27609
Telephone (646) 726 6797
j.matemu@matemulaw.com
Attorneys for the Plaintiffs