

Reverend Al Sharpton, President & Founder
Reverend Dr. W. Franklyn Richardson, Chairman

National Action Network, Inc.

106 West 145th Street
New York, New York 10039
P.212.690.3070 F.646.380.2185

October 31, 2016

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
U.S. District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:    **Underdog Trucking, LLC, et al. v. Rev. Al Sharpton, et al.**
             **1:16-CV-05654 (VSB)**
             **Request for Pre-Motion Conference**

Dear Judge Broderick,

     I am writing on behalf of Reverend Al Sharpton and National Action Network ("NAN"), named defendants, to request a pre-motion conference in the above-captioned case. This request is being made pursuant to Rule 4(A) of Your Honor's Individual Rules and Practices. The paragraphs below outline the basis for the requested Motion to Dismiss.

     Underdog Trucking, LLC and Reggie Anders, plaintiffs in this matter, seek damages for alleged breach of contract, extreme emotional distress, conspiracy and loss of valuable time and business. Compl. ¶ 2, 16 & 19[1]. The Complaint alleges that plaintiffs maintain their principal place of business and residency in the state of Arizona. Compl. ¶ 4. The Complaint names Verizon Communications, Inc. and Cellco Partnership d/b/a/ Verizon Wireless as additional defendants and alleges that all defendants conspired against Plaintiffs. Compl. ¶ 5 & 16. Rev. Al Sharpton and National Action Network request leave to move to dismiss the complaint pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in accordance with the *Colorado River* Abstention Doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

**LEGAL STANDARDS**

---

[1] The complaint contains two (2) paragraphs #16 on pages 4 & 5.

1. <u>Lack of Sufficient Service – Rule 12(b)(5)</u>

Plaintiffs failed to serve Rev. Al Sharpton and National Action Network in accordance with Rule 4 of the Federal Rules of Civil Procedure, Rules 308 and 311 of the New York Civil Practice Laws and Rules (for service upon an individual and service upon a corporation or governmental subdivision, respectively), and Rule 306 of New York State Not-For-Profit Corporation Law. The Federal rules provide: Rule 4(e), for service on an individual in a judicial district of the Unites States, Rule 4(h), for service on a corporation in a judicial district of the Unites States, and Rule 4(d), to properly request a waiver of service by an individual or a corporation.

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* Thus, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see* Fed. R. Civ. P. 4(a)-(d). Deficiencies in service, moreover, are not cured by the fact that a defendant has "actual notice" of the action. *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991).

Under the applicable rules and laws, Plaintiffs have neither sufficiently served nor forwarded a proper request for waiver of service to either Rev. Sharpton or National Action Network. Defendants Sharpton and NAN received a copy of the summons and complaint by first-class mail on September 27, 2016 at the organization's business address. Notably, the Complaint indicates that Plaintiffs would serve notice of this action on Rev. Sharpton and National Action Network by certified mail. Compl. ¶ "Certificate of Service." That has not happened. However, even if Plaintiffs had sent the summons and complaint by certified mail, unless it contained a proper request for a waiver of service, the certified mail alone would still have failed to fulfill the service requirements under the Federal Rules of Civil Procedure and/or under New York State law.

2. <u>Failure To State A Claim – Rule 12(b)(6)</u>

Plaintiffs failed to sufficiently plead their New York state law claims for breach of contract, conspiracy, loss of business opportunities and intentional infliction of emotional distress. In New York, the following elements must be established on a breach of contract claim: (1) a valid and enforceable contract; (2) the plaintiff's performance of the contract; (3) breach by the defendant; and (4) damages. *See Noise in Attic Prods., Inc. v. London Records*, 10 AD.3d 303, 307 (1st Dep't 2004). Likewise, plaintiffs' claims of conspiracy and loss of business opportunities fail. Under New York law, "a mere conspiracy to commit a [tort] is never of itself a cause of action." *Alexander & Alexander, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). *See also, Bigio v. Coca-Cola Co.* 675 F.3d 163, 176 (2d Cir. 2012).

Additionally, under New York law, a cause of action alleging intentional infliction of emotion distress "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (N.Y. 1993).

Where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure."). The Complaint is filled with conclusory statements. Moreover, Plaintiffs' barebones pleading provides no material factual allegations to plausibly allege that Rev. Sharpton or National Action Network, contracted with plaintiffs, conspired with other defendants, interfered with Plaintiff's business opportunities or engaged in any extreme and outrageous conduct that would lead to severe emotional distress. Plaintiffs' conclusory allegations must be set aside.

3. *Colorado River* Abstention Doctrine

The court should dismiss the Complaint due to the pendency of a parallel and duplicative state court litigation. The only basis for federal court jurisdiction is diversity, as no other federal question is raised in this complaint. Under *Colorado River*, the court identified four factors relevant to whether a federal court "should abstain in favor of parallel state proceedings: (1) which court first assumes jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums." *Colorado River*, 424 U.S. 800, 818 (1976).

Plaintiffs initiated a lawsuit with identical claims as those in this action in New York City Civil Court on April 18, 2016.[2] As such, that court has jurisdiction over the state claims purported to be alleged in this federal action. The state court action is active; therefore, litigating an identical suit in federal court is not only inconvenient but also contrary to the concept of judicial economy. The factors are precisely those that the court recognized when deciding to abstain in *Colorado River. Id.*

For all of the reasons stated above, Rev Al Sharpton and National Action Network respectfully request a pre-motion conference to seek leave to file a motion to dismiss this action.

Respectfully submitted,

Michael A. Hardy, Esq.
General Counsel

---

[2] Pursuant to Fed. R. Civ. P. 201(b)(2), the court may take judicial notice of New York City Civil Court Case No. 006521/16.