# MATEMU LAW OFFICE, P.C.

5640 Six Forks Road
Suite 201
Raleigh, NC 27609
Office phone 984 242-0740
Office Fax 888 797-6679
j.matemu@matemulaw.com

A full Serivce
Immigration Law Firm

* **Japheth N. Matemu Esq.**
Master of Laws (LL.M)
Immigration Law and Policy
Attorney and Counselor at Law

VIA ECF

Honorable Vernon S. Broderick
United States District Judge
U.S District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 1007

11/30/2016

REF: Underdog Trucking LL.C, et al. V. Reverend Al Sharpton, et al. 1:16-CV-05654 (VSB).

Plaintiff's Response to Defendant's Al Sharpton and National Action Network ("Nan") Pre-Motion Letter

Dear Judge Broderick,

This is my response to the subject pre-motion letter on behalf of the Plaintiff's Reggie Anders and Underdog Trucking LL.C.

1. Lack of Sufficient Service-Rule 12(b)(5)

It is true that service was accomplished upon defendant's Al Sharpton and National Action Network ('the defendants'). by first class mail. The statement that it was served by registered mail was the result of a clerical error.

In order for a court to exercise jurisdiction over a defendant, a plaintiff must serve that defendant with process pursuant to Fed. R. Civ. P. 4. and the defendant must be subject to personal jurisdiction "under the law 5 of the state where the district court sits. The defendants have not challenged the jurisdiction of this court.

I will be requesting an extension of time to effect proper service on the defendants. Plaintiffs have already requested amended summons to effect proper service.

2. Failure to state a claim Rule 12(b)(5)

"A motion to dismiss for failure to state a claim cannot be granted if the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

www.matemulaw.com
*Licensed in New York State and in the Supreme Court of the United States
Authorized by the State Bar of North Carolina to practice exclusively immigration law in North Carolina. Not licensed in North Carolina state laws.

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In ruling on a motion to dismiss, the court "merely . . . assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence which might be offered in support thereof." Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011) (citation omitted)." - Tacopina v. O'Keeffe et al (1:14-cv-08379), New York Southern District.

The amended complaint alleges sufficient facts if accepted as true, state a claim to relief that is plausible at the very least. There is evidence to back up the allegations in the amended complaint and I do not believe it was necessary to plead all the supporting facts to give sufficient notice to the defendants of the nature of the claim.

3. *Colorado River* Abstention Doctrine

There is no parallel state court litigation pending between. Plaintiffs withdrew the state court action because all the state court claims are included in this action albeit with additional claims and additional defendants.

A motion to dismiss this action on that basis is not appropriate in the circumstances. This case involves two other defendants who are in the process of preparing their own pleadings.

Respectfully submitted this 30th day of November 2016.

Japheth N. Matemu Esq.