

*Reverend Al Sharpton, President & Founder*
*Reverend Dr. W. Franklyn Richardson, Chairman*

*National Action Network, Inc.*    *106 West 145th Street*
*New York, New York 10039*
*P.212.690.3070  F.646.380.2185*

January 26, 2017

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
New York, NY 10007

    Re:    **Anders et al. v. Verizon Communications, Inc., et al.**
           **1:16-CV-05654 (VSB)**
           **Request for Pre-Motion Conference Second Amended Complaint**

Dear Judge Broderick,

      I am writing on behalf of Reverend Al Sharpton ("Sharpton") and National Action Network ("NAN"), named defendants, to request a pre-motion conference in reference to the Second Amended Complaint ("SAC") in the above-captioned matter. A pre-motion conference was held in regards to the Amended Complaint on December 8, 2016, whereupon, this Court granted plaintiffs leave to file a Second Amended Complaint[1]. The SAC fails to correct the deficiencies of the Amended Complaint. Significantly, the Plaintiffs have failed to effect proper service, and have attempted to cover this failure with false, fabricated and fraudulent affidavits that violate the affiant's sworn oath. The paragraphs below outline the basis for the requested Motion to Dismiss the Second Amended Complaint.

      Underdog Trucking, LLC and Reggie Anders, plaintiffs in this matter, alleged two (2) causes of action in the SAC. Both causes of action alleged Breach of Contract and Conspiracy to Breach Contract. *See* SAC p.12 & 14. Unfortunately for plaintiffs, the SAC still fails to state causes of action for which relief can be granted. The SAC also reveals that damages are less than the jurisdictional minimum for this Court's diversity jurisdiction and as stated proper service has not been performed, and no good cause can be shown to allow any further extension of time to properly serve. Rev. Al Sharpton and National Action Network request leave to move to dismiss the SAC pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure[2]. Sharpton and NAN also respectfully request that the Court grant an evidentiary

---

[1] This letter incorporates by reference, where applicable, the arguments made in defendants' (Sharpton and NAN) letter of October 31, 2016. (Dkt. #24).

[2] Defendants in their first letter motion requested the Court to dismiss the Amended Complaint in accordance with the Colorado River Abstention Doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). On January 24, 2017, the New York City Civil Court (#006521/16) granted Plaintiff Anders' request to voluntarily discontinue his complaint pursuant to CPLR 3217 (b), but stated that its order was not intended to address any jurisdictional arguments in this court.

hearing in which the defendants shall dispute the facts stated in two affidavits of service filed by plaintiffs which purport to affirm that proper service has been made on them. (*See* Dkt. 52 & 53).

**LEGAL STANDARDS**

1. Lack of Sufficient Service – Rule 12(b)(5)

Plaintiffs failed to serve Rev. Al Sharpton and National Action Network in accordance with Rule 4 of the Federal Rules of Civil Procedure, Rules 308 and 311 of the New York Civil Practice Laws and Rules (for service upon an individual and service upon a corporation or governmental subdivision, respectively), and Rule 306 of New York State Not-For-Profit Corporation Law. "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service…" *Old Republic Insurance Company v. Pacific Financial Services of America, Inc.*, 301 F.3d 54, 57(2nd Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing…But no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" *Id*. at 58. Sharpton and NAN are prepared to submit sworn denials of receipt of service and more importantly, sworn specific facts to rebut the statements in the process server's affidavits. More concretely, defendants will be prepared to demonstrate that the process server's factual statements are completely false and fabricated. Sharpton and NAN, to date, other than the insufficient service plaintiff has already admitted too, has never been properly and legally served with a Summons and any complaint. "When a defendant moves to dismiss under rule 12 (b)(5), the plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

2. Failure To State A Claim – Rule 12(b)(6)

The Second Amended Complaint should be dismissed on the merits for failure to state a cause of action. A complaint must allege non-conclusory facts for each element of the cause of action, and the sum of these allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The SAC fails to meet this standard. Where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure."). The SAC continues to be filled with conclusory statements.

To state a claim for breach of contract in New York, the plaintiff must plead (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract, (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach. *Diesel Props S.R.L. v. Greystone Business Credit II LLC*, 631 F.3d 42, 52 (2nd Cir. 2011). If the alleged contract contains "no objective criteria against which the defendant's performance can be measured, then the contract is unenforceable and claim for breach must be dismissed." *Digital Broadcast Corp. v. Landenburg, Thalmann & Co.*, 63 A.D.3d 647 (1st Dept. 2009). Here, although the plaintiffs allege that the defendants were to do something about the dispute with the Verizon Defendants, nothing in the SAC describes

what the plaintiffs and defendants allegedly agreed that they were trying to achieve. "[M]eeting of the minds must include agreement on all essential terms." *See e.g. Kolchins v. Evolution Mkts., Inc*. 128 A.D.3d 47, 59, 73 (1st Dept. 2015).

Damages are another essential element of a contract claim. "[F]actual allegations showing damages are essential: 'In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint.'" *Mariah Re Ltd. v. Am. Family Mut. Ins. Co*., 52 F. Supp. 3d 601, 611 (S.D.N.Y. 2014) (quoting *Lexington 360 Assocs. v. First Union Nat'l Bank of N.C*., 234 A.D.2d 187, 651 (1St Dep't 1996)). Furthermore, "[c]ausation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach directly and proximately caused his or her damages." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004). Simply stating that the plaintiff has suffered damages, without stating how the damages occurred, is insufficient to plausibly allege damages as an element of a cause of action under *Iqbal*. *Santana v. Fannie Mae*, 2016 U.S. Dist. LEXIS 72529, *12 (N.D.N.Y. June 3, 2016).

Expectancy damages for the alleged contract are unquantifiable or non-existent as a matter of law. If the purpose of the contract was that the NAN defendants would negotiate compensation for the harm done to the plaintiffs by the Verizon defendants, it is *res judicata* from the two prior litigations that the plaintiffs did not suffer legally-cognizable harm. If the purpose of the contract was that the NAN defendants would negotiate a new business relationship with the Verizon defendants, unrelated to the prior dispute, then damages for failure to make this deal are too speculative as a matter of law. *See Goodstein Constr. Corp. v. New York*, 80 N.Y.2d 366, 373 (1992) ("even with the best faith on both sides the deal might not have been closed"). *Digital Broadcast Corp*, 63 A.D.3d 647 (failure to negotiate deal not actionable). Indeed, a contract to negotiate a new business opportunity would be subject to the Statute of Frauds, which requires all contracts for compensation of a finder or negotiator of a "business opportunity" to be in writing. *See* N.Y. Gen. Oblig. Law §5-701(a)(10). There was no writing here.

The SAC's Second Cause of Action is a garbled recitation that in 1996 all the defendants entered into a conspiracy to frustrate the plaintiffs' 2014 contract with the NAN/Sharpton Defendants, and/or that the plaintiffs were a third party beneficiary of this 1996 agreement[3]. To recover damages for civil conspiracy, the plaintiff must allege a "cognizable tort," independent of the conspiracy itself. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401- 402 (2nd Cir. 2006). *See also, Stokes v. Lusker*, 425 Fed. Appx. 18, 22 (2nd Cir. 2011)(Plaintiff's speculation about bribes cannot "nudge [his] claims across the line from conceivable to plausible").

For all of the reasons stated above, defendants respectfully request leave to file a motion.

Respectfully submitted,

_____
Michael A. Hardy, Esq.
Counsel/Sharpton & NAN

cc: Japheth Nthautha Matemu, Esq. (Plaintiffs' Counsel)
Kauff McGuire & Margolis LLP (Verizon Comm. Inc. & Cellco, defendants)
c/o Raymond G. McGuire, Esq. & Kristina Cunard Hammond, Esq.

---

[3] A conspiracy claim arising in 1996 would also be time-barred.