# MATEMU LAW OFFICE, P.C.

5640 Six Forks Road
Suite 201
Raleigh, NC 27609
Office phone 984 242-0740
Office Fax 888 797-6679
j.matemu@matemulaw.com

A full Serivce
Immigration Law Firm

* **Japheth N. Matemu Esq.**
Master of Laws (LL.M)
Immigration Law and Policy
Attorney and Counselor at Law

VIA ECF

Honorable Vernon S. Broderick

United States District Judge, S.D.N.Y.

Thurgood Marshall United States Courthouse

New York, NY 10007

1/27/2017

Re:

**Anders et al. v. Reverend Al Sharpton, et al.**

  **1:16-CV-05654 (VSB)**

**Response to Pre-Motion Conference Second Amended Complaint, demand for a Traverse hearing, and Motion for disqualification of Opposing Counsel, Michael Hardy Under ABA Model Rule 3.7 (Lawyer As Witness)**

Dear Judge Broderick,

I am writing on behalf of Reggie Anders and Underdog Trucking, LL.C.

Let it be noted that the case that was pending in the Civil Court of the City of New York, Reggie Anders v. Reverend Al Sharpton and National Action Network, index No. 006521/16, was voluntarily discontinued following a strenuously contested motion by Reggie Anders, the Plaintiff in that case.

   1. Proposed Motion to Dismiss:

Clearly Plaintiffs have stated causes of action for which relief can be granted. This is a claim for breach of an oral contract and damages flowing from that breach. The U.S Supreme Court that interpreted Rule 8(a) by stating that a plaintiff must present a "plausible" claim for relief can be

www.matemulaw.com
*Licensed in New York State and in the Supreme Court of the United States
Authorized by the State Bar of North Carolina to practice exclusively immigration law in North Carolina. Not licensed in North Carolina state laws.

granted. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937 (2009).

This court has set said in *Jackson v. New York State*, 381 F. Supp. 2d 80 - Dist. Court, ND New York 2005 that:

"Motions to dismiss are governed by Federal Rule of Civil Procedure 12. Under Rule 12(b)(6), a defendant may seek to dismiss the complaint for "failure to state a claim upon which relief can be granted." The Court's analysis under Rule 12(b)(6) requires it to determine whether the facts alleged in the complaint would entitle the plaintiff to a legal remedy. As a primary objective of the legal system is to obtain a determination on the merits, rather than a dismissal based on the pleadings, motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

The task of the court in ruling on a Rule 12(b)(6) motion is not to determine whether plaintiff will prevail in the action, but "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir.1984). I would propose to bring out all the facts by way of discovery subsequent to which any party can make an appropriate motion. But not at this stage. The plaintiff can prove a set of facts that there was indeed a contract between the Plaintiffs on one part, and Al Sharpton and National Action Network on the other. Plaintiffs have also alleged sufficient facts to show that there was a conspiracy and that Verizon Wireless and Cellco Partnership were aware of the contract and sought to frustrate it by way of conspiracy and corporate corruption.

2. <u>Lack of Sufficient Service – Rule 12(b)(5)</u>

Plaintiffs served Rev. Al Sharpton and National Action Network in accordance with Rule 4 of the Federal Rules of Civil Procedure, Rules 308 and 311 of the New York Civil Practice Laws and Rules (for service upon an individual and service upon a corporation or governmental subdivision, respectively), and Rule 306 of New York State Not-For-Profit Corporation Law. The Summons in Civil action, Civil cover sheet and amended complaint were received by KOFI ADUSEI on December 20th, 2016 at 12:18 p.m. on behalf of BOTH Rev. Al Sharpton and National Action Network. The service is very well described by the process server Mr. Mohamed Bouri. [See document 52 and 53].

By this letter, I request a traverse hearing to bring the process server to court to testify as to the time and manner of service and costs of the same be assessed to Rev. Al Sharpton and National Action Network. Under part 208.29 of the New York Administrative Rules of the Unified Court System & Uniform Rules of the Trial Courts, Traverse hearings are the proper way to challenge the veracity of an affidavit of service under New York Law. Mr. Mohamed Bouri is ready to testify in person.

3. <u>Clerical error '1996'.</u>

The reference to 1996 in paragraph 51 of the second amended complaint is a clerical error and Plaintiffs will seek to correct it. This is obvious if the statement is read together with the entire complaint which makes a reference to the time period from 2014 to 2016.

4. <u>Motion for disqualification of Opposing Counsel, Michael Hardy Under ABA Model Rule 3.7 Lawyer As Witness</u>

New York has adopted Model Rule 3.7:

RULE 3.7: LAWYER AS WITNESS

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9. Mr. Michael Hardy was involved intricately in the negotiations of the contract, was present when money exchanged hands and was involved in every aspect of the transactions that form the basis of this claim. He was present and participated nearly every contact with the plaintiffs. Mr. Michael Hardy cannot play the role of both advocate and witness because that would amount to impermissible conflict of interest. For that reason, Plaintiffs seeks to move this court for the disqualification of Michael Hardy as counsel for Al Sharpton and National Action Network. Under the advocate-witness rule, "[t]he tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.

Plaintiffs will be prejudiced by the presence of Mr. Michael Hardy as both counsel and witness.

For all of the reasons stated above, defendants respectfully request leave to file two motions:

1. Motion for a traverse hearing
2. Motion for disqualification of counsel

Respectfully submitted this ___27th___ day of ___January___ 2017.

_____

Japheth N. Matemu

Attorney for Reggie Anders and Underdog Trucking LL.C.

cc: Michael Hardy, Esq. (Counsel for Rev. Al Sharpton and National Action Network)

Kauff McGuire & Margolis LLP (Verizon Comm. Inc. & Cellco, defendants)   c/o Raymond G. McGuire, Esq. & Kristina Cunard Hammond, Esq.