January 27, 2017


**VIA ECF**

Honorable Vernon S. Broderick
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

> Re: Reggie Anders v. Verizon Commn'cs Inc., et al.
> SDNY Docket No. 16 Civ. 5654 (VSB)
> KM&M File No. 10503.00183


Dear Judge Broderick:

We represent Defendants Verizon Communications Inc. ("VCI") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless," collectively "Verizon") in the above-referenced matter. We write, pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference permitting our clients to move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the claims asserted against them in the Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted and for failure to properly assert diversity jurisdiction.

The Second Amended Complaint

During the December 8, 2016 conference regarding the Defendants' pre-motion letters concerning the First Amended Complaint, the Court granted Plaintiffs Reggie Anders ("Anders") and Underdog Trucking LLC (collectively "Plaintiffs") leave to file an amended complaint, but instructed Plaintiffs to meet and confer with Defendants regarding the proposed changes prior to filing the SAC. Plaintiffs failed to do so and the SAC still fails to state cognizable claims against Verizon.

The SAC, while replete with new facts with respect to Defendants Reverend Al Sharpton and the National Action Network ("NAN"), still fails to meet the

VIA ECF

Hon. Vernon Broderick
January 27, 2017
Page 2

basic pleading threshold with respect to Verizon.  Even those expanded factual
allegations involving Verizon claim only that (1) Plaintiffs contacted Verizon in 2013,
after their lawsuit against Verizon was dismissed, to threaten a boycott of Verizon, but
received no response; (2) Verizon "paid hush money [to Rev. Sharpton] for years," prior
to Plaintiffs' contact with Rev. Sharpton and NAN; (3) after Plaintiffs retained Rev.
Sharpton and NAN, sometime in September or October 2014, the chairman of NAN said
that Rev. Sharpton "was at the White House the day before and that Al Sharpton and the
Vice President of Verizon had a discussion regarding the case and that a meeting was
planned for later that week"; (4) a January 4, 2015 *NY Post* article claimed that "several
large corporations including Verizon had given [Rev.] Sharpton over $1 million for his
birthday," which Plaintiffs claim was "hush money to keep [Rev. Sharpton] quiet about
the discriminatory and racist[] practices at their respective companies"; (5) after
learning of the alleged relationship between Verizon and NAN, Anders called Verizon's
attorney and informed him of the *NY Post* article, and Verizon's attorney "gave [Anders]
. . . the impression that Verizon was very aware of [Plaintiffs'] grievances" but Verizon
did not make any further response to this call; and (6) Anders, without providing any
specifics, is "aware" of payments allegedly made by Verizon "to frustrate the contract
between Al Sharpton and Reggie Anders."  (Second Am. Compl. ¶¶ 9-12, 21, 25, 38-40.)
(It is not entirely clear throughout the SAC whether "Verizon" refers solely to VCI or to
both VCI and Verizon Wireless.)

In any event, Plaintiffs have asserted what they characterize as two causes
of action against all Defendants: "breach of contract . . . and conspiracy to breach
contract" and "breach of contract/third party beneficiary and conspiracy to breach
contract."

Basis for Motion

In the motion that our clients seek to file, they propose to demonstrate
that the claims against them should be dismissed because Plaintiffs have failed to assert
plausible claims for relief against Verizon.

*Contract Claim*

Under New York law, the elements of a claim for breach of contract are: (1)
the existence of a contract, (2) performance by the party seeking recovery, (3) non-
performance by the other party, and (4) damages attributable to the breach. *Intercept
Pharm., Inc. v. Howard*, 615 Fed. Appx. 42, 43 (2d Cir. 2015). The SAC still fails to
allege any facts supporting the first and third elements as to either VCI or Verizon
Wireless, as the contract upon which the SAC is based was allegedly formed between
Plaintiffs and Rev. Sharpton and NAN, not VCI or Verizon Wireless.  With respect to

4843-1751-6608.1

Plaintiff's reference to a "third-party beneficiary," there are no allegations or evidence to show that Verizon was in any way a third-party beneficiary to any agreement between Plaintiffs and NAN or Rev. Sharpton. Moreover, the alleged non-performance was by Rev. Sharpton and NAN in allegedly failing to make efforts to persuade Verizon to settle Plaintiffs' claim. Thus, the claims against Verizon cannot stand.

### *Civil Conspiracy*

Although it remains unclear what "conspiracy" claim Plaintiffs are alleging, as Verizon has previously noted, New York law does not recognize an independent tort claim for civil conspiracy. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Even if it did, Plaintiffs have not alleged any facts to support their cursory allegation. Aside from the fact that Verizon allegedly donated to Rev. Sharpton's birthday party and Plaintiffs' unfounded "impression" that Verizon and NAN had a relationship that pre-dated Plaintiffs' arrangement with NAN by 18 years, nothing suggests any relationship between the Defendants at all, let alone a conspiracy among them to injure Plaintiffs. At most, Plaintiffs claim that NAN conveyed that a positive conversation occurred between Verizon and NAN – although Plaintiff does not allege that any other communications between Defendants regarding Plaintiffs took place. Indeed, if, as Plaintiff alleges, NAN and Verizon had an ongoing relationship pre-dating Plaintiffs contact with NAN (since 1996 per the SAC), it can hardly be the case that Verizon undertook a relationship with NAN solely to interfere with Plaintiffs' alleged contract with NAN. As such, this cause of action must also be dismissed.

Because the Initial Conference is scheduled for February 17, 2017, the parties' proposed Case Management Plan and Scheduling Order is due February 10, 2017. We assume, in light of the request for a pre-motion conference, that it would be inefficient and unnecessary to submit a proposed Case Management Plan prior to the resolution of the anticipated motion, but please let us know if the Court would still like a proposed plan by February 10, 2017. We thank the Court for its consideration of this matter.

Very truly yours,
/s/

Raymond G. McGuire

cc:    Michael A. Hardy, Esq.
       Japheth N. Matemu, Esq.

4843-1751-6608.1

**VIA ECF**

Hon. Vernon Broderick
January 27, 2017
Page 4


bcc:    Celeste Como, Esq.