

KAUFF McGUIRE & MARGOLIS LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, NY 10022

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

January 27, 2017

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

    Re:   Reggie Anders v. Verizon Commn'cs Inc., et al.
            SDNY Docket No. 16 Civ. 5654 (VSB)
            <u>KM&M File No. 10503.00183</u>

Dear Judge Broderick:

       We represent Defendants Verizon Communications Inc. ("VCI") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless," collectively "Verizon") in the above-referenced matter. We write, pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference permitting our clients to move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the claims asserted against them in the Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted and for failure to properly assert diversity jurisdiction.

<u>The Second Amended Complaint</u>

       During the December 8, 2016 conference regarding the Defendants' pre-motion letters concerning the First Amended Complaint, the Court granted Plaintiffs Reggie Anders ("Anders") and Underdog Trucking LLC (collectively "Plaintiffs") leave to file an amended complaint, but instructed Plaintiffs to meet and confer with Defendants regarding the proposed changes prior to filing the SAC. Plaintiffs failed to do so and the SAC still fails to state cognizable claims against Verizon.

       The SAC, while replete with new facts with respect to Defendants Reverend Al Sharpton and the National Action Network ("NAN"), still fails to meet the

4843-1751-6608.1

VIA ECF

Hon. Vernon Broderick
January 27, 2017
Page 2

basic pleading threshold with respect to Verizon. Even those expanded factual allegations involving Verizon claim only that (1) Plaintiffs contacted Verizon in 2013, after their lawsuit against Verizon was dismissed, to threaten a boycott of Verizon, but received no response; (2) Verizon "paid hush money [to Rev. Sharpton] for years," prior to Plaintiffs' contact with Rev. Sharpton and NAN; (3) after Plaintiffs retained Rev. Sharpton and NAN, sometime in September or October 2014, the chairman of NAN said that Rev. Sharpton "was at the White House the day before and that Al Sharpton and the Vice President of Verizon had a discussion regarding the case and that a meeting was planned for later that week"; (4) a January 4, 2015 *NY Post* article claimed that "several large corporations including Verizon had given [Rev.] Sharpton over $1 million for his birthday," which Plaintiffs claim was "hush money to keep [Rev. Sharpton] quiet about the discriminatory and racist[] practices at their respective companies"; (5) after learning of the alleged relationship between Verizon and NAN, Anders called Verizon's attorney and informed him of the *NY Post* article, and Verizon's attorney "gave [Anders] . . . the impression that Verizon was very aware of [Plaintiffs'] grievances" but Verizon did not make any further response to this call; and (6) Anders, without providing any specifics, is "aware" of payments allegedly made by Verizon "to frustrate the contract between Al Sharpton and Reggie Anders." (Second Am. Compl. ¶¶ 9-12, 21, 25, 38-40.) (It is not entirely clear throughout the SAC whether "Verizon" refers solely to VCI or to both VCI and Verizon Wireless.)

In any event, Plaintiffs have asserted what they characterize as two causes of action against all Defendants: "breach of contract . . . and conspiracy to breach contract" and "breach of contract/third party beneficiary and conspiracy to breach contract."

Basis for Motion

In the motion that our clients seek to file, they propose to demonstrate that the claims against them should be dismissed because Plaintiffs have failed to assert plausible claims for relief against Verizon.

*Contract Claim*

Under New York law, the elements of a claim for breach of contract are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach. *Intercept Pharm., Inc. v. Howard*, 615 Fed. Appx. 42, 43 (2d Cir. 2015). The SAC still fails to allege any facts supporting the first and third elements as to either VCI or Verizon Wireless, as the contract upon which the SAC is based was allegedly formed between Plaintiffs and Rev. Sharpton and NAN, not VCI or Verizon Wireless. With respect to

**KM&M**
KAUFF McGUIRE & MARGOLIS LLP

**VIA ECF**

Hon. Vernon Broderick
January 27, 2017
Page 3

Plaintiff's reference to a "third-party beneficiary," there are no allegations or evidence to show that Verizon was in any way a third-party beneficiary to any agreement between Plaintiffs and NAN or Rev. Sharpton. Moreover, the alleged non-performance was by Rev. Sharpton and NAN in allegedly failing to make efforts to persuade Verizon to settle Plaintiffs' claim. Thus, the claims against Verizon cannot stand.

### *Civil Conspiracy*

Although it remains unclear what "conspiracy" claim Plaintiffs are alleging, as Verizon has previously noted, New York law does not recognize an independent tort claim for civil conspiracy. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Even if it did, Plaintiffs have not alleged any facts to support their cursory allegation. Aside from the fact that Verizon allegedly donated to Rev. Sharpton's birthday party and Plaintiffs' unfounded "impression" that Verizon and NAN had a relationship that pre-dated Plaintiffs' arrangement with NAN by 18 years, nothing suggests any relationship between the Defendants at all, let alone a conspiracy among them to injure Plaintiffs. At most, Plaintiffs claim that NAN conveyed that a positive conversation occurred between Verizon and NAN – although Plaintiff does not allege that any other communications between Defendants regarding Plaintiffs took place. Indeed, if, as Plaintiff alleges, NAN and Verizon had an ongoing relationship pre-dating Plaintiffs contact with NAN (since 1996 per the SAC), it can hardly be the case that Verizon undertook a relationship with NAN solely to interfere with Plaintiffs' alleged contract with NAN. As such, this cause of action must also be dismissed.

Because the Initial Conference is scheduled for February 17, 2017, the parties' proposed Case Management Plan and Scheduling Order is due February 10, 2017. We assume, in light of the request for a pre-motion conference, that it would be inefficient and unnecessary to submit a proposed Case Management Plan prior to the resolution of the anticipated motion, but please let us know if the Court would still like a proposed plan by February 10, 2017. We thank the Court for its consideration of this matter.

Very truly yours,
/s/
Raymond G. McGuire

cc:   Michael A. Hardy, Esq.
      Japheth N. Matemu, Esq.

4843-1751-6608.1