

K A U F F   M c G U I R E   &   M A R G O L I S   LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, NY 10022

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

February 13, 2017

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

Re:    Reggie Anders v. Verizon Commn'cs Inc., et al.
       SDNY Docket No. 16 Civ. 5654 (VSB)
       <u>KM&M File No. 10503.00183</u>

Dear Judge Broderick:

   We represent Defendants Verizon Communications Inc. ("VCI") and Cellco
Partnership d/b/a Verizon Wireless ("Verizon Wireless," collectively "Verizon") in the
above-referenced matter. We write in response to Plaintiffs' February 9, 2017 letter
requesting a pre-motion conference regarding Plaintiffs' anticipated motion to amend
the complaint for a third time to add a claim for tortious interference against Verizon.
Despite Plaintiffs' representations to the contrary, Plaintiffs have not previously pled
sufficient facts to support such a cause of action and to permit them to do so at such a
late date would be both unfair and futile.

   Plaintiffs have already made repeated attempts to assert a valid cause of
action against Verizon, each of which has failed. The Complaint was filed on July 16,
2016. On July 22, 2016, Plaintiffs filed a First Amended Complaint. After Verizon and
Defendants Rev. Al Sharpton and National Action Network ("NAN") requested a pre-
motion conference regarding their anticipated motions to dismiss, the Court permitted
Plaintiffs to file a Second Amended Complaint, with the caveat that Plaintiffs were to
meet and confer with Defendants prior to doing so. Plaintiffs ignored this instruction
from the Court and proceeded to file a Second Amended Complaint, essentially asserting
the same causes of action, on January 9, 2017. (Plaintiffs also filed a Third Amended
Complaint with a few minor differences that same day, but the Court only accepted the



Second Amended Complaint.) Verizon again requested a pre-motion conference regarding its anticipated motion to dismiss. In response, Plaintiffs were silent as to Verizon's point that no breach of contract claim could exist because there was no contract between Plaintiffs and Verizon, as well as Verizon's accurate assertion that conspiracy claims are not valid in New York. Instead, Plaintiffs have identified the elements of a tortious interference claim in New York and now seek to amend the complaint to formally add this claim for relief against Verizon. This claim, too, must fail.

It is well settled that "'where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.'" *Witchard v. Montefiore Med. Ctr.*, No. 05-Civ-5957, 2007 U.S. Dist. LEXIS 31694, at *5-6 (S.D.N.Y. April 27, 2007) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "One appropriate basis for denying leave to amend is that the proposed amendment is futile." *Id.* (citing *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001)). It is axiomatic that "[a] proposed amendment to a pleading [is] futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Id.* (quoting *Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003)).

In the instant case, the tortious interference claim that Plaintiffs seek to assert is plainly futile because Plaintiffs have not pled, and cannot plead, all of the necessary elements to support such a claim. First, it is not clear that Plaintiffs' alleged contract with Rev. Al Sharpton and NAN was a valid contract, particularly when the stated goal of the agreement appears to have been to essentially extort money from Verizon after Plaintiffs admittedly lost their lawsuit against Verizon. Second, the Second Amended Complaint nowhere alleges that Verizon had any knowledge of the alleged agreement between Plaintiffs and Rev. Sharpton and NAN; indeed, Plaintiffs cannot make such an allegation because Verizon had no such knowledge. Third, the Second Amended Complaint alleges that the contributions made by Verizon to Rev. Sharpton and NAN pre-dated Plaintiffs' agreement with Rev. Sharpton and NAN; thus, Verizon could not have made contributions in an "intentional and improper" manner that would have caused a breach of any later alleged agreement between Plaintiffs and Rev. Sharpton and NAN.[1] Plaintiffs have alleged no facts that would support an alternative theory or any other evidence of "intentional and improper" interference with the alleged contract. Because Plaintiffs' newly minted tortious interference claim would

---

[1] Japheth Matemu's February 2, 2017 letter states that Verizon "admitted to making 'donations' to Al Sharpton in the months following the contract that is subject to this suit." Verizon has made no such admission.



**VIA ECF**

Hon. Vernon Broderick
February 13, 2017
Page 3

not survive a motion to dismiss, the request for leave to file a motion to amend should be denied.

We thank the Court for its consideration of this matter.

Very truly yours,

Raymond G. McGuire

cc:    Japheth N. Matemu, Esq.
       Wylie M. Stecklow, Esq.
       David A. Thompson, Esq.