```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
      :
REGGIE ANDERS and UNDERDOG      :
TRUCKING, LLC,      :
      :
                                Plaintiffs,      :      16-CV-5654 (VSB)
      :
         - against -      :      **ORDER**
      :
VERIZON COMMUNICATIONS INC.,      :
CELLCO PARTNERSHIP d/b/a VERIZON      :
WIRELESS, NATIONAL ACTION      :
NETWORK, REVEREND AL SHARPTON,      :
and John Does 1–9,      :
      :
                                Defendants.      :
      :
-------------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

      I am in receipt of Plaintiffs' September 5, 2018 Motion to Amend Opinion, Order and Judgment. (Doc. 109.) Although the motion is styled as one to amend my Opinion & Order of June 5, 2018, (Doc. 107), and the Clerk's Judgment of June 6, 2018, (Doc. 108), I interpret Plaintiff's motion as one for reconsideration of my June 5 Opinion & Order pursuant to Federal Rule of Civil Procedure 60(b), since it is based on purported factual errors in my Opinion & Order.

      Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 allow reconsideration or reargument of a court's order in certain limited circumstances. "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.3d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)). Accordingly, it is hereby:

ORDERED that Defendants' opposition to Plaintiffs' motion, if any, is due on or before September 20, 2018, and Plaintiffs' reply, if any, is due on or before September 28, 2018.

SO ORDERED.

Dated:    September 7, 2018
          New York, New York

*Vernon S. Broderick*
United States District Judge