UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
REGGIE ANDERS and UNDERDOG :
TRUCKING, LLC, :
 :
                              Plaintiffs, : 16-CV-5654 (VSB)
:
        - against - : **OPINION & ORDER**
:
:
VERIZON COMMUNICATIONS INC., :
CELLCO PARTNERSHIP d/b/a VERIZON :
WIRELESS, NATIONAL ACTION :
NETWORK, REVEREND AL SHARPTON, :
and John Does 1–9, :
:
                              Defendants. :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/2018

Appearances:

Japheth Nthautha Matemu
Law Offices of Japheth N. Matemu
New York, New York
*Counsel for Plaintiffs*

Raymond G. McGuire
Kristina Cunard Hammond
Kauff McGuire & Margolis LLP
New York, New York

Philip R. Sellinger
Todd Lawrence Schleifstein
New York, New York
*Counsel for Defendants Verizon Communications Inc. and Cellco Partnership*

David Allen Thompson
Wylie M. Stecklow
Stecklow Cohen & Thompson
New York, New York
*Counsel for Defendants National Action Network and Reverend Al Sharpton*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiffs Reggie Anders and Underdog Truck, LLC's motion for reconsideration under Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, (Doc. 109), of my June 5, 2018 Opinion & Order ("June Order") granting Defendants' motions to dismiss with prejudice, (Doc. 107). Because I find that there is no basis for me to reconsider my June Order, Plaintiffs' motion is DENIED.

## I. Procedural Background[1]

Three months after I issued the June Order, on September 5, 2018, Plaintiffs submitted a motion to amend opinion, order and judgment. (Doc. 109.) On September 7, 2018, I issued an order instructing the parties that I would interpret Plaintiffs' motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3. (Doc. 110.) On September 12, 2018, Defendants National Action Network ("NAN") and Reverend Al Sharpton ("Sharpton," and together with NAN, the "NAN Defendants") submitted their opposition, (Doc. 111), and on September 20, 2018, Defendants Verizon Communications Inc. ("VCI") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") submitted their opposition, (Doc. 112). Plaintiffs did not submit a reply.

## II. Applicable Law

Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 allow reconsideration or reargument of a court's order in certain limited circumstances.[2] "Rule 60(b) provides

---

[1] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background detailed in my June Order.

[2] Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Therefore, Plaintiffs' motion is arguably untimely. However, I do not address here the timeliness of Plaintiffs' motion; rather I address the merits of the motion.

2

'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

### III. Discussion

Although it is not entirely clear, Plaintiffs' motion appears to assert that the basis for

reconsideration includes the following arguments: (1) in finding grounds for dismissal pursuant to Rule 12(b)(5) and Rule 4(m) for failure to timely effect service on the NAN Defendants, I failed to consider that I had allegedly granted an extension of time for service during a conference on December 8, 2016; (2) in finding that the alleged contract, if enforced, would be contrary to public policy, I failed to consider that the agreement was protected by the First Amendment; and (3) my dismissal, pursuant to 12(b)(6), of Plaintiffs' complaint denied Plaintiffs' right to due process because it failed to grant them "an opportunity to develop their case by way of discovery and trial." (*See* Doc. 109, at 2–3.)

With the exception of off-hand references to the Constitution, Plaintiffs' vague and unsupported motion does not cite to any statute, case law, or other controlling authority. Therefore, even under a generous reading of the motion, Plaintiffs have failed to demonstrate "an intervening change of controlling law." *See Beacon Assocs.* 818 F. Supp. 2d, at 702 (internal quotation marks omitted). Similarly, Plaintiffs' motion does not attach or call my attention to "the availability of new evidence." *See id.* (internal quotation marks omitted). Therefore, I must consider each of Plaintiffs' three bases for reconsideration as an argument that some action is needed to "correct a clear error" in the June Order to prevent "manifest injustice." *See id.* (internal quotation marks omitted). I will discuss each argument in turn.

  **A.**   *Rule 12(b)(5)*

Plaintiffs argue that my finding that there were grounds for dismissal pursuant to Rule 12(b)(5) and Rule 4(m) for failure to timely effect service on the NAN Defendants was clear error, and therefore I should reconsider the June Order. This argument fails for two reasons. First, Plaintiffs' argument relies on their representation that I had granted them an extension during a conference on December 8, 2016. (Doc. 109, at 2.) Plaintiffs urge me to review the

transcript of that conference to determine "what transpired." (*Id.* at 3.) I have reviewed the December 8, 2016 transcript, and I reiterate the finding I made on June 5, 2018 that "I did not make any rulings regarding an extension of time to serve pursuant to Rule 4(m)" during the December 8, 2016 conference. (Doc. 107, at 15.) Plaintiffs have failed to demonstrate clear error.

Second, and more importantly, this argument fails because, even if Plaintiffs were correct that I had granted an extension (they are not), it would not be sufficient grounds for reconsideration. Reconsideration "will generally be denied unless the moving party can point to [matters] that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. In my June Order, I explicitly stated that "[e]ven if the complaint were properly served, however, because Plaintiffs have failed to state any plausible claims, the action would be dismissed pursuant to Rule 12(b)(6) . . . ." (*See* Doc. 107, at 14; *see also id.* at 2 ("[Defendants'] motions to dismiss are GRANTED under Federal Rule of Civil Procedure 12(b)(6).").) Therefore, whether or not I granted an extension of the deadline to serve is of no moment in this context, because the fact of the extension would not have altered the conclusion I ultimately reached.

### B. *First Amendment*

Plaintiffs' motion argues that the type of agreement alleged to have been entered into between Plaintiffs and the NAN Defendants is "protected by the First Amendment to the United States Constitution and therefore cannot be contrary to public policy." (Doc. 109, at 3.) As mentioned above, Plaintiffs do not identify any legal or factual authority supporting this position. Plaintiffs also do not point to the availability of new evidence. The only facts they allege in their motion (e.g., that Plaintiffs paid $16,000 to NAN and Al Sharpton) were alleged in the Third

5

Amended Complaint, (Doc. 81 ¶¶ 15–20), and I considered them in the June Order. (Doc. 107, at 4–6, 17–18.)

To the extent that Plaintiffs argue that my finding that the alleged agreement, if enforced, was incorrect as a matter of law, their motion must be construed as an appeal and dismissed as untimely. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."). To the extent that Plaintiffs wish to raise a new argument that the First Amendment prohibits a finding that the alleged agreement would be contrary to public policy, that argument is precluded. *See Associated Press*, 395 F. Supp. 2d at 19 (a motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced"). In support of their motions to dismiss, both Defendants argued that the alleged contract would be contrary to public policy. (Docs. 88, at 22; 90, at 9–10.) In the briefs filed in opposition to Defendants' motions, Plaintiffs never raised an argument based on the First Amendment. (*See* Docs. 94–100.)

### C. *Due Process*

Plaintiffs also argue that dismissing the Third Amended Complaint "without granting the Plaintiff's [*sic*] an opportunity to develop their case by way of discovery and trial implicated due process." (Doc. 109, at 3.) It is unclear from Plaintiffs' motion whether they are challenging: (1) the constitutionality of Federal Rule of Civil Procedure 12(b)(6) itself ; or (2) my determination that the Third Amended Complaint failed to establish a valid contract or the elements of a tortious interference claim. Plaintiffs provide no authority in support of the first interpretation, and I am aware of no court that has found Rule 12(b)(6) to be facially unconstitutional.

The second interpretation amounts to a reargument of a position already taken during the motion to dismiss briefing. This interpretation thus consists of precisely the sort of repetition of an argument that cannot form the basis for reconsideration. *See Kubicek*, 2014 WL 4898479, at *2 ("Plaintiff cannot succeed here by offering 'substantially the same argument that she offered on the original motion." (quoting *Heffernan v. Straub*, 655 F. Supp. 2d 378, 381 (S.D.N.Y. 2009))); *Tatum v. City of N.Y.*, No. 06 Cv. 4290(BSJ)(GWG), 2009 WL 976840, at *2 (S.D.N.Y. Apr. 9, 2009) (rehashing of previous arguments, demeaning evidentiary value of testimony, and asserting that the court may have overlooked controlling case law or the record as a whole, was "precisely the type of practice that is not permitted in a motion for reconsideration" (internal quotation marks omitted)).

## IV. Conclusion

For the reasons stated herein, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the open motion at Document 109.

SO ORDERED.

Dated: December 17, 2018
      New York, New York

Vernon S. Broderick
United States District Judge